IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOYCE V. ,[1]

        Plaintiff,

        v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

        Defendant.

_____

Case No. 3:25-cv-01357-AP

**OPINION AND ORDER**

POTTER, United States Magistrate Judge:

Plaintiff Joyce V. brings this action for judicial review of a final decision of the

Commissioner of Social Security denying her application for disability insurance benefits (DIB)

under Title II of the Social Security Act. This Court has jurisdiction under 42 U.S.C. § 405(g).

Plaintiff alleges that the Administrative Law Judge (ALJ) erred by finding that Plaintiff

has engaged in substantial gainful activity. Pl.'s Br., ECF No. 8. Because Plaintiff has engaged in

substantial gainful activity, the Commissioner's decision is AFFIRMED.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case and any immediate family members of that party.

1 – OPINION AND ORDER

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff applied for DIB on March 16, 2022, alleging disability since February 1, 2022. Tr. 50. The claim was denied initially and upon reconsideration. Tr. 58, 67. Plaintiff requested a hearing before an ALJ and appeared before the Honorable Richard Geib on August 5, 2024. Tr. 25-47. In a written decision dated September 19, 2024, ALJ Geib determined that Plaintiff was not disabled under the Social Security Act. Tr. 10-15. Plaintiff sought review from the Appeals Council; the Appeals Council declined. Tr. 1. She then filed this action for judicial review.

Plaintiff is currently 63 years old and was 58 years old at the alleged onset of disability. *See* Tr. 50. Plaintiff alleges disability due to abnormal brain MRI, moderate kidney disease, anemia, chronic obstructive pulmonary disease, joint pain, gastroesophageal reflux disease, hematuria, spleen disease, myofascial pain syndrome, and type II diabetes mellitus. Tr. 50. Plaintiff works as a clerk at the Salvation Army. Tr. 37.

## STANDARD OF REVIEW

When reviewing the decision of the ALJ, district courts view questions of law de novo. *Obrien v. Bisignano*, 142 F.4th 687, 693 (9th Cir. 2025). But when there is no legal error, the denial of benefits will only be overturned if the ALJ's decision "is not supported by substantial evidence." *Id.* (internal quotation and citation omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (citation omitted). This is not a high bar; substantial evidence is relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted). The court may not substitute its judgment for that of the ALJ when the evidence could

2 – OPINION AND ORDER

support either affirming or reversing the ALJ's decision. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

## DISCUSSION

A person is disabled when they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). When determining if someone seeking benefits is disabled, the ALJ applies a "five-step sequential evaluation process." 20 C.F.R. § 404.1520(a)(4). If at any point in the five-step process the ALJ determines that the person is or is not disabled, the process stops. *Id*.; *see also Woods v. Kijakazi,* 32 F.4th 785, 787 n.1 (9th Cir. 2022).

The first step looks at whether the claimant is doing "substantial gainful [work] activity;" if they are, they are not disabled. 20 C.F.R. § 404.1520(a)(4)(i). The second step focuses on the claimant's physical or medical impairment; a claimant is not disabled unless they can show a severe impairment that lasts at least a year or is expected to result in death. 20 C.F.R. § 404.1520(a)(4)(ii). At the third step, the ALJ asks whether the severity of the impairment meets or equals one of the impairments listed by the Commissioner of Social Security. *Id.* § 404.1520(a)(4)(iii). If the impairment is equivalent to one of the listed impairments, the claimant is presumptively disabled. *Id.* If not, the ALJ proceeds to the fourth step. *Id.* § 404.1520(a)(4)(iv). Prior to proceeding to steps four and five, the ALJ must determine the residual function capacity. *Id.* § 404.1520(e). This analysis determines what a claimant can do on a sustained basis despite their limitations. *Id.* §§ 404.1520(a)(4), 416.920(a)(4). Then, the fourth

step requires an analysis of the claimant's part work and residual functioning; if the claimant can still do their past relevant work, they are not disabled. *Id.* § 404.1520(a)(4)(iv). At the fifth step, the question is whether given the claimant's present abilities, there is another type of job they can do; if the claimant can do another job, they are not disabled. *Id.* § 404.1520(a)(4)(v).

Here, the ALJ found that Plaintiff had engaged in substantial gainful activity since February 1, 2022, her alleged onset of disability date. Tr. 12. "Substantial gainful activity is work done for pay or profit that involves significant mental or physical activities." *Lewis v. Apfel*, 236 F.3d 503, 515 (9th Cir. 2001). To determine if a claimant is performing substantial gainful activity, the ALJ first looks to the claimant's earnings. 20 C.F.R. § 404.1574(a)(1). If a claimant is earning at or above the statutory threshold, the claimant is presumptively engaged in substantial gainful activity.[2] *Katz v. Sec'y of Health & Hum. Servs.*, 972 F.2d 290, 293 (9th Cir. 1992). The ALJ reviewed Plaintiff's reported income and found that she earned $22,400 in 2022 and $27,534 in 2023 and was projected to earn $58,000 in 2024. Because there was no 12-month period in which Plaintiff had not engaged in substantial gainful activity, the ALJ found that Plaintiff was not disabled. Tr. 15.

Plaintiff argues that her work at the Salvation Army was not a competitive position due to the number of accommodations that were made for her. The presumption of substantial gainful activity can be rebutted if the claimant shows that their earnings are subsidized or if they are working in a sheltered or special environment. 20 C.F.R. § 404.1574(a). Earnings are subsidized when they "exceed the reasonable value of the work [the claimant] performs." 20 C.F.R. §

---

[2] This threshold is $1,350/month or $16,200/year in 2022, $1470/month or $17,640/year in 2023, and $1550/month or $18,600/year in 2024. Substantial Gainful Activity, Social Security Administration, https://www.ssa.gov/oact/cola/sga.html (last visited July 27, 2026).

404.1574(a)(2). In that case, the ALJ must "consider only that part of [a claimant's] pay which [they] actually earn." *Id.*

Plaintiff testified that her employer allows her to take her medicine and eat at her desk. Tr. 35. She testified that she is able to put her feet up on a chair when they swell. Tr. 35. Plaintiff testified that her employer has been forgiving with absences and tardiness, but she also testified that in the four months since she started working full time, she had only called in sick twice. Tr. 34-35.

The operations manager at the Salvation Army also submitted a statement. Tr. 304. He stated that Plaintiff's "health issues . . . have impacted her work so we have made special accommodations for her to continue to be employed here." Tr. 304. When Plaintiff first arrives at work, she needs 10 minutes to rest before actually beginning her shift. Tr. 304. The manager stated that employees are given two fifteen-minute breaks and one 30-minute lunch break and Plaintiff "is allowed to take breaks as often as needed." Tr. 304. He also stated that for some tasks, such as putting out breakfast, Plaintiff can take three times as long to complete the task as other employees. Tr. 304. He noted that Plaintiff's attendance was currently good but that "[s]he has periods when she is absent and unable to work due to medical issues." Tr. 304.

After considering Plaintiff's testimony, the manager's statement, and the vocational expert's testimony, the ALJ determined that Plaintiff's "work at Salvation Army is not a sheltered work activity." Tr. 14. This finding is supported by substantial evidence.[3] The ALJ

---

[3] Plaintiff argues that the standard of review here is "clear and convincing reasons," presumably because it relates to Plaintiff's testimony. Pl.'s Br. 15-19. An ALJ must provide clear and convincing reasons for discounting a Plaintiff's subjective symptom testimony. *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014). Here, however, the ALJ was not discounting Plaintiff's testimony about her symptoms. Instead, the ALJ found that Plaintiff's work, as

acknowledged that Plaintiff did need time to rest but reasoned that Plaintiff has a sedentary job where she can rest at her desk. Tr. 14. While she is permitted to take breaks as needed, there is nothing in the record that shows "that she is taking long or extra breaks." Tr. 14. The ALJ also relied on Plaintiff's own testimony that she is "good at [her] job." Tr. 14, 35. The ALJ found that this was supported by the fact that Plaintiff was promoted to full-time employment and that her pay has increased each year. Tr. 14. Finally, as the ALJ reasoned, even if her accommodations did mean that it takes her longer to perform certain work activities, "[t]his does not begin to lower her earnings to below SGA levels, when she is expected to earn almost $60,000 this year." Tr. 14.

The ALJ's decision is supported by substantial evidence.

## **CONCLUSION**

The Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this  4th  day of August, 2026.

 /s/Amy E. Potter
Amy E. Potter
United States Magistrate Judge

---

described by Plaintiff and the operations manager, was not in a sheltered workshop. This finding must simply be supported by substantial evidence. *Obrien*, 142 F.4th at 693.

6 – OPINION AND ORDER